**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone (801) 485-3707
Facsimile (801) 485-7140
Attorneys for

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In Re: Luis Padilla | Opposition to Motion to Lift Stay |
|---|---|
| | Case No. 10-28582 |
| | Judge William T. Thurman |

The Motion to Lift Stay is fatally defective because by operation of Federal Law – specifically the Truth In Lending Act – the transaction between Mr. Antacle and Mr. Padilla was rescinded via a Notice of Rescission and Mr. Antacle is no longer the owner of nor even a secured creditor against the property.

On October 21, 2009, Mr. Padilla sent Mr. Antacle a TILA notice of rescission. A copy of this Notice is attached hereto as Exhibit A.

Mr. Antacle filed an initial lawsuits against Mr. Padilla seeking to evict Mr. Padilla from his home on Claybourne.

Mr. Padilla answered and counterclaimed against Mr. Antacle.

Mr. Antacle abandoned the first lawsuit and then brought an identical second lawsuit.

Mr. Padilla answered and counterclaimed against Mr. Antacle again in the second lawsuit. A copy of that Answer and Counterclaim is attached hereto as Exhibit B.

Mr. Antacle asked the State Court to remove Mr. Padilla from the Claybourne residence at least three times. On each of these occasions, it was explained to the Court that the TILA rescission notice by operation of Federal Law rescinded the transaction and placed Mr. Padilla back into ownership of his home and revoked all documents granting Mr. Antacle any ownership interest in said home.

This means that Mr. Antacle is not only no longer the owner of the residence, but has not security interest whatsoever therein.

Consequently, on these initial three hearings the trial court refused to allow an immediate eviction of Mr. Padilla but instead ordered that the issue of whether or not the transaction has in fact been rescinded proceed to trial.

However, Antacle tried a fourth time and this time succeeded in getting the trial court to order Mr. Padilla to post a bond or be evicted.

Mr. Padilla objected vigorously but to no avail.

Mr. Padilla's objection to the order regarding the bond is attached hereto as Exhibit C.

This bankruptcy petition was necessitated by this order. Mr. Padilla had to file for Chapter 13 protection in order to forestall the loss of his residence.

This motion to lift stay is improper and should be denied because:

1. Mr. Antacle is not the owner of the home nor a secured creditor. He has an unsecured claim only and is not entitled to relief from the stay.

2. If the Court lifts the stay, Mr. Padilla will be evicted from his home through an improvident and improper state court eviction proceeding.

Rather, Mr. Padilla will bring his TILA claims as an adversary proceeding herein and the issues will be resolved in due time in this court and appropriate relief authorized/ granted.

Under no circumstances would it be appropriate for the Court to allow the stay to be lifted as requested by Mr. Antacle.

Dated this _26th day of July 2010

**Steffensen ❖ Law ❖ Office**

_____
Brian W. Steffensen

### Certificate of Mailing

I hereby certify that on the  26  day of  Jul , 20 10 , that I caused a true and correct copy of the foregoing instrument to be  ✓ mailed, postage prepaid; and/or_____ hand delivered by ____fax and/or by____courier; to:

Dallis A. Nordstrom
Scott L. Sackett II
YOUNG HOFFMAN, LLC
170 S. Main Street, Suite 1125
Salt Lake City, Utah 84101
Fax: (801) 359-1980

*[signature]*

# Steffensen ❖ Law ❖ Office

A Professional Corporation

Brian W. Steffensen                                    brian@steffensenlaw.com

October 21, 2009

Carlos Antacle
1460 East 3990 South
Salt Lake City, Utah 84124

## NOTICE OF CANCELLATION - RESCISION

Dear Gentlemen:

Pursuant to 15 U.S.C. § 1635(a), and our rights under the Truth in Lending Act, we hereby cancel and rescind the transaction. We request that the Deed to the home located at 46 East Claybourne Ave, Salt Lake City, Utah, immediately be deeded back into Luis Padilla's name, and out of the name of Carlos Antacle.

Very truly yours,

Brian W. Steffensen
Attorneys for Luis Padilla

*Exhibit A*

2159 South 700 East, Suite 240        Salt Lake City, Utah        Tel (801) 485 3707    Fax (801) 485-7140

Brian W. Steffensen (3092)
Steffensen ❖ Law ❖ Office
2159 South 700 East, Suite 240
Salt Lake City, Utah 84106
Telephone (801) 485-3707
Facsimile (801) 485-7140

**Attorneys for Defendants**

## IN THE THIRD DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| CARLOS M. ANTACLE | Answer and Counterclaim |
|---|---|
| Plaintiff, | |
| vs. | Civil No. 090921001 |
| LUIS PADILLA | Judge Barrett |
| Defendant. | |

For his answer to the complaint herein, defendant avers as follows:

### FIRST DEFENSE

The complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

Padilla denies each and every allegation in the complaint.

### THIRD DEFENSE

This action is barred by the one action rule in that this is not really a landlord/tenant

*Exhibit B*

situation, but rather lender/ debtor secured by real estate; this action is barred by unclean hands, fraud, misrepresentation, waiver, estoppel, laches, set off, failure to mitigate damages and any other matter constituting an affirmative defense which is supported by the discovery adduced herein. Res judicata and/or issue preclusion bars this suit.

Wherefore, the defendant asks this court to dismiss the complaint herein against him with prejudice, and award him costs and attorneys' fees in defending against this action.

### COUNTERCLAIM AND THIRD PARTY COMPLAINT

#### GENERAL ALLEGATIONS

1. Counterclaimant is an individual residing in Utah.

2. Plaintiff/ Counter defendant is a resident of Salt Lake County, State of Utah (sometimes the "Collector").

3. Padilla needed to borrow money from Antacle. Antacle said he would borrow money secured by Padilla's home and lend it to Padilla. Antacle asked Padilla to deed the home to Antacle so that it could be pledged for the loan. The address and legal description of the Home/ Residence/ Property is attached hereto as Exhibit A.

4. Padilla deeded the home to Antacle so that it could act as security for the loan.

5. Antacle agreed that he would make payments on the loan, and Padilla agreed that he would make payments to Antacle.

6. Antacle is holding title to the home in trust for Padilla.

7. Even though Antacle had not been current in paying on the loan against the home, Antacle caused a three day pay or vacate to be served against Padilla.

8. Said Pay or Vacate notice contained inaccurate information and misrepresented the debt.

9. In said collection letter and/or telephone communication, the Collector misrepresented the nature, character and/or amount of the debt allegedly due and owing to the Creditor.

10. Counterclaimant was not presented with and did not sign a Promissory Note which would provide for payments to Antacle.

11. Counterclaimant was not informed orally or in writing of the repayment terms of the funds advanced by Antacle on behalf of the Counterclaimant.

12. Counterclaimant was subsequently served with a summons and complaint in unlawful detainer.

13. Padilla met with Antacle and Antacle agreed to take payments. Padilla has made numerous payments to Antacle – all of which he accepted.

14. The acceptance of said payments voids Antacle's right to proceed with that unlawful detainer action.

15. Nevertheless, in bad faith and violation of the agreement with Padilla, Antacle asked for default judgment and a writ of restitution.

16. Counterclaimant executed and mailed a notice of cancellation of the transaction with Antacle 15 USC 1635.

17. Due to the fact that title to the Property was transferred to the Antacle, the "finance charges paid" by the Counterclaimant should be calculated as the amount of equity in the property at the time of the deed transfer; which in this case is not less than $50,000.

18. When Antacle received the notice of rescission, he commenced the instant "eviction" action. This action is barred by the orders and/or findings in the prior eviction lawsuit and/or by the fact that this transaction has been rescinded.

19. In the letters and telephone communications demanding payment, and in court filings, Antacle misrepresented the nature, character and/or amount of the debt allegedly due and owing.

20. The FDCPA requires a debt collector to provide certain notices of debt collection within five (5) days of the first communication with the debtor. Antacle failed to provide said required notices.

21. Counterclaimant made a request for validation or verification of the debt.

22. Antacle did not properly respond to said request for verification.

## FIRST CAUSE OF ACTION

### DECLARATORY RELIEF

23. Counterclaimant by this reference, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

24. Counterclaimant is entitled to an Order from the Court declaring that:

    a.    The transaction between the Counterclaimant and Antacle was a consumer loan transaction, secured by the Counterclaimant's primary residence, and as such is subject to the provisions of TILA; the transfer of title to the Property to Antacle must be treated as a transfer for security only and as an equitable mortgage/ trust deed, such that the Counterclaimant retained a beneficial interest therein and all of his rights incident thereto at law and in equity.

    b.    Counterclaimant had a right under 15 USC 1635 to rescind the transaction with defendants, and Counterclaimant has properly exercised that right such that the transaction is rescinded.

    c.    As a result of this election to rescind and the delivery of the rescission notice, the transfer to Antacle of title to the Property is rescinded and declared to be null and void; Antacle should be required to transfer title to the Property to the Counterclaimant.

    d.    Title to the Property is quieted in the name of the Counterclaimant the same as it was before the transfer.

    e.    The transfer of title to the Property is also declared to be void as a result of the fraud which was perpetrated upon the Counterclaimant by Antacle.

    f.    All transfers of title to the Property or encumberances on the Property which may have been made and/or created by Antacle are also declared to be null and void.

5

g.  The damages suffered by Counterclaimant as a result of Antacle's violation of TILA exceed the amount of money advanced by Antacle on Counterclaimant's behalf such that no tender of funds under TILA is required; consequently, Counterclaimant has no repayment obligation to Antacle.

## SECOND CLAIM FOR RELIEF

### TILA

25. Counterclaimant incorporate herein all of the allegations of this complaint as if set forth in full.

26. Pursuant to 15 USC 1640 (a)(1), as a result of the defendant's multiple violations of TILA (i.e., failure to make any of the disclosures required by TILA and the like), including any failures to cooperate with the Counterclaimant' exercise of their rescission rights, the Counterclaimant is entitled to an award of his actual damages arising therefrom in an amount to be determined at trial, but not less than $2,000.

27. Pursuant to 15 USC 1640(a)(2)(A), Counterclaimant is also entitled to statutory damages in an amount equal to twice the finance charge, or $2,000, whichever is less – in this case $2,000.

28. Pursuant to 15 USC 1640 (a)(3), Counterclaimant is entitled to costs and attorneys' fees.

29. Pursuant to 15 USC 1640(a)(4), due to the violation of 15 USC 1639, Counterclaimant

are entitled to an amount equal to the sum of all finance charges paid by the Counterclaimant in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

Fair Debt Collection Practices

30. Counterclaimant incorporates all of the allegations of this complaint herein.

31. The Counter Defendants' actions misrepresented the amount, character and/or age of the Counterclaimant' alleged debt in violation of 15 U.S.C.§1692f(1). The use of these false representations in an attempt to collect a debt violates the provisions of Section 807(1) of the Act, U.S.C.§1692e.

32. Defendants failed to provide Counterclaimant with the mini miranda and validation of debt notices within five (5) days of the date of first communication which violates 15 U.S.C.§1692g.

33. Defendants failed to properly validate or verify the debt as required by the FDCPA.

34. Counterclaimant has suffered damages as a result of these violations, including but not limited to damages to his/her credit and emotional and mental distress in an amount to be determined at trial, but not less than $2000.00.

35. By reason of those violations, pursuant to Section 813(a) of the Act, 15 U.S.C.§1692k(a), the Counterclaimant is entitled to recover the amount of his/her actual damages, in an amount to be established at the time of trial, but not less than $2,000.00, plus a $1,000.00

statutory penalty, plus costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Utah Consumer Sales Practices Act

36. Counterclaimant, by this reference, hereby incorporates all of the allegations of this complaint, as if fully set forth herein.

37. The Collector is a "supplier" with in the meaning of Section §13-11-3(6), Utah Code.

38. The actions alleged and complained of above are deceptive acts or practices in violation of Section §13-11-4, Utah Code.

39. The actions complained of are unconscionable acts or practices in violation of Section §13-11-5, Utah Code.

40. The Counterclaimant has suffered actual and consequential damages as a result of these violations, including but not limited to damages to his/her credit and emotional and mental distress, in an amount to be determined at trial, but not less than $2,000.00.

41. By reason of those violations, pursuant to Section §13-11-19(2), Utah Code, the Counterclaimant is entitled to recover his/her actual damages or $2,000.00, whichever is greater, plus his/her costs of suit and attorney's fees. He is also entitled to punitive damages in an amount to be determined by the Court.

## FIRST ALTERNATIVE CAUSE OF ACTION

### Breach of Fiduciary Duty

8

42. Counterclaimant, by this reference, hereby incorporate the allegations of this complaint, as if fully set forth herein.

43. Antacle owed fiduciaries of loyalty and care to Padilla.

44. Antacle breached those fiduciary duties through the conduct alleged herein.

45. Counterclaimant should be awarded judgment in the amount of his actual damages in an amount to be established at the time of trial plus punitive damages in an amount deemed just.

WHEREFORE, Counterclaimant prays for judgment as follows:

1. For an Order directing Antacle to execute a Warranty Deed conveying the Property to Padilla;

2. For the entry of judgment against defendant in the amount of plaintiffs' actual damages as may be established at the time of trial, plus such punitive damages as the Court deems just;

3. For the entry of a declaratory judgment to the effect that the transfer of title to the residence from Padilla to Antacle is void;

4. For the entry of an order to the effect that Antacle is estopped from asserting that the transfer to Antacle from Padilla is valid and enforceable;

5. For the entry of a declaratory judgment, pursuant to the Truth in Lending Act, that the transfer from Padilla to Antacle was and is void, that any encumbrances on the Property caused by Antacle are void, that any conveyances of the Property caused by Antacle are void and that the amount of damages suffered by plaintiffs exceed the amounts advanced by Antacle and that Padilla

need not tender funds to Antacle as might be required by 15 U.S.C. § 1635(b);

6. For an award of plaintiffs' actual damages to be established at the time of trial, plus an amount equal to twice the finance charge imposed in the transaction or $2,000.00, whichever is greater, plus plaintiffs' costs of court and attorneys' fees;

7. For an award of exemplary damages.

8. For such other and further relief as the Court deems just.

TRIAL BY JURY IS REQUESTED

Dated this _23rd day of December, 2009.

_____
Brian W. Steffensen
Attorney for Defendant and Counterclaimant

Brian W. Steffensen (3092)
Steffensen ❖ Law ❖ Offices
2159 South 700 East, Suite 240
Salt Lake City, Utah 84106
Telephone (801) 485-3707
Facsimile (801) 485-7140
Attorneys for Defendant and Counterclaimant

FILED
DISTRICT COURT
10 JUN 16 PM 10: 46
THIRD JUDICIAL DISTRICT
SALT LAKE COUNTY
BY _____ DEPUTY CLERK

## IN THE THIRD DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CARLOS M. ANTACLE<br><br>Plaintiff,<br><br>vs.<br><br>LUIS PADILLA<br><br>Defendant. | Objection to Proposed Order<br><br><br><br>Civil No. 090921001<br><br>Judge Barrett |

The Defendant objects to the proposed order on the following grounds:

1. The Order should reflect that defendant's opposition and oral argument pointed out that given the TILA rescission notice that was delivered to plaintiff in the Fall of 2009, the plaintiff is legally no longer the owner of the property regardless of the quit claim deed which had previously been given him.

2. The Order should reflect that defendant's counsel argued orally that as a result of the TILA rescission, plaintiff had not standing to bring this lawsuit and this court has no jurisdiction.

3. The Order should reflect that defendant's counsel made an oral motion to dismiss for lack of jurisdiction, but that the Court refused to allow an oral motion and/or to consider that

Exhibit C

argument in that hearing.

4. The Order should reflect that despite the foregoing arguments and motion, the Court ruled that those matters will be dealt with at trial and that the Court was going to proceed to consider the plaintiff's request that a defendant post a bond.

5. The Order should reflect that defendant argued that because plaintiff only posted a $1,000 bond, the defendant should not be required to post a higher bond.

6. The Order should reflect that even though the defendant has raised Federal law questions as to whether plaintiff has any right to claim ownership in the residence in question, thus raising the very realistic possibility that defendant's damages in this case could be very high – certainly much higher than $1,000 – the Court has left in place the $1,000 bond by plaintiff, rejected defendant's request that he only be required to post a $1,000 bond, and instead required defendant to post a $5,000 bond.

Dated this __ day of _____, 2010.

_____
Brian W. Steffensen
Attorney for Defendant and Counterclaimant

### Certificate of Mailing

I hereby certify that on the _16_ day of _Jun_, 2010, that I caused a true and correct copy of the foregoing instrument to be ____mailed, postage prepaid; and/or____hand delivered by ____fax and/or by____courier; to:

Dallis A. Nordstrom
Scott L. Sackett II
YOUNG HOFFMAN, LLC
170 S. Main Street, Suite 1125
Salt Lake City, Utah 84101
Fax: (801) 359-1980

_____